941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John CHEKY, Plaintiff-Appellant,
v.
CLEVELAND TANKERS, INC., Defendant-Appellee.
 No. 91-1051.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 John Cheky appeals pro se from the dismissal of a personal injury case that he had filed under the Jones Act, 46 U.S.C. § 688. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In his first complaint, Cheky alleged that he had injured his eye while painting the defendant's ship on July 11, 1979. The district court dismissed the case without prejudice on July 29, 1982, because Cheky had failed to appear at a pre-trial conference. In September 1990, Cheky filed a second complaint, in which he alleged that he had been under psychiatric care. The district court dismissed this complaint on November 16, 1990, because Cheky did not document his alleged mental disability. Cheky then moved for reconsideration, supporting his motion with evidence which showed that he had been hospitalized intermittently for psychiatric care. However, the district court denied the motion on January 7, 1991, holding that Cheky's second complaint was untimely even if the limitations period had been tolled during the periods of time that he was hospitalized. Cheky now appeals. His brief on appeal contains requests for appointment of counsel and for a transcript.
 
 
 4
 Upon review, we conclude that the dismissal of Cheky's case should be affirmed for the reasons stated by the district court in its memorandum and order entered January 7, 1991. The district court correctly held that Cheky's claim was barred by the statute of limitations. See 46 App. U.S.C.A. § 763(a) (1990). Since Cheky did not bring the present action until September 17, 1990, his claim is clearly time barred even under a liberal interpretation of that statute.
 
 
 5
 Accordingly, Cheky's requests for counsel and for a transcript are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation